# UNITED STATES BANKRUPTCY COURT
## NORTHERN **DISTRICT OF** ILLINOIS
### EASTERN **DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| JANETTE L ZIELINSKI | § | Case No. 13-08192 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter  of the United States Bankruptcy Code was filed on 03/01/2013 .  The case was converted to one under Chapter 7 on  05/07/2015 .   The undersigned trustee was appointed on .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of             $        6,000.00

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 3.30 |
| Bank service fees | 60.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]           $ | 5,936.70 |

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

The remaining funds are available for distribution.

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was  12/04/2015  and the deadline for filing governmental claims was  12/04/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,350.00 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 1,350.00 , for a total compensation of $ 1,350.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 81.54 , for total expenses of $ 81.54 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/12/2016       By:/s/Peter N. Metrou, Trustee
                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit A

| Case No: | 13-08192 | BWB | Judge: | Bruce W. Black | | Trustee Name: | | Peter N. Metrou, Trustee |
|---|---|---|---|---|---|---|---|---|

Case Name:   JANETTE L ZIELINSKI

Date Filed (f) or Converted (c):   05/07/2015 (c)

341(a) Meeting Date:   06/09/2015

For Period Ending:   09/12/2016

Claims Bar Date:   12/04/2015

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1.  Location: 925 Briarcliff Drive, Minooka IL 60447 | 176,984.00 | 0.00 | | 0.00 | FA |
| 2.  Charter One Bank | 200.00 | 0.00 | | 0.00 | FA |
| 3.  refrigerator, stove, wasehr, dryer, computer, 4 tv | 1,750.00 | 0.00 | | 0.00 | FA |
| 4.  necessary  clothing | 300.00 | 0.00 | | 0.00 | FA |
| 5.  jewelry | 3,000.00 | 0.00 | | 0.00 | FA |
| 6.  owner of JZ Transport Inc | 0.00 | 0.00 | | 0.00 | FA |
| 7.  06 Dodge Ram | 8,000.00 | 1,405.00 | | 500.00 | FA |
| 8.  2006  Scion | 3,000.00 | 3,000.00 | | 0.00 | FA |
| 9.  1993 Harley Davidson  FXSTC | 1,500.00 | 0.00 | | 500.00 | FA |
| 10.  2006 Mack CH 623 | 20,000.00 | 20,000.00 | | 5,000.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $214,734.00          $24,405.00          $6,000.00          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Compromise with Debtor re value of vehicles. Claims bar date 12-4-15. Claims review in process.

Initial Projected Date of Final Report (TFR): 10/01/2016          Current Projected Date of Final Report (TFR): 10/01/2016

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

**Exhibit B**

Case No: 13-08192
Case Name: JANETTE L ZIELINSKI

Taxpayer ID No: XX-XXX4868
For Period Ending: 09/12/2016

Trustee Name: Peter N. Metrou, Trustee
Bank Name: Associated Bank
Account Number/CD#: XXXXXX5488
Checking Account (Non-Interest Earn

Blanket Bond (per case limit): $1,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | | | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/12/15 | | ZIELINSKI, JANETTE Debtor's Address | Vehicles sold | | | $6,000.00 | | $6,000.00 |
| | | | Gross Receipts | $6,000.00 | | | | |
| | 7 | | 06 Dodge Ram | $500.00 | 1129-000 | | | |
| | 10 | | 2006 Mack CH 623 | $5,000.00 | 1129-000 | | | |
| | 9 | | 1993 Harley Davidson  FXSTC | $500.00 | 1129-000 | | | |
| 12/07/15 | | Associated Bank | BANK SERVICE FEE | | 2600-000 | | $10.00 | $5,990.00 |
| 01/08/16 | | Associated Bank | BANK SERVICE FEE | | 2600-000 | | $10.00 | $5,980.00 |
| 02/05/16 | | Associated Bank | BANK SERVICE FEE | | 2600-000 | | $10.00 | $5,970.00 |
| 03/07/16 | | Associated Bank | BANK SERVICE FEE | | 2600-000 | | $10.00 | $5,960.00 |
| 03/17/16 | 5001 | ARTHUR B. LEVINE COMPANY 370 Lexington Avenue, Suite 1101New York, NY 10017 | Chapter 7 Bankruptcy Bond Premium Bond Number 10BSBGR6291 | | 2300-000 | | $3.30 | $5,956.70 |
| 04/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $10.00 | $5,946.70 |
| 05/06/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $10.00 | $5,936.70 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | | $6,000.00 | $63.30 |
| Less: Bank Transfers/CD's | | $0.00 | $0.00 |
| Subtotal | | $6,000.00 | $63.30 |
| Less: Payments to Debtors | | $0.00 | $0.00 |
| Net | | $6,000.00 | $63.30 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals:                    $6,000.00        $63.30

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5488 - Checking Account (Non-Interest Earn | $6,000.00 | $63.30 | $5,936.70 |
| | $6,000.00 | $63.30 | $5,936.70 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | | |
|---|---|---|
| Total Allocation Receipts: | $0.00 | |
| Total Net Deposits: | $6,000.00 | |
| Total Gross Receipts: | $6,000.00 | |

Exhibit C

## ANALYSIS OF CLAIMS REGISTER

Case Number: 1:13-08192-BWB                                            Date: September 13, 2016

Debtor Name: JANETTE L ZIELINSKI

Claims Bar Date: 12/4/2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Peter N. Metrou 123 W. Washington St., Ste 216 Oswego, IL 60543 | Administrative Payment Status: Valid To Pay | | $0.00 | $1,350.00 | $1,350.00 |
| 100 2200 | Peter N. Metrou 123 W. Washington St., Ste 216 Oswego, IL 60543 | Administrative Payment Status: Valid To Pay | | $0.00 | $81.54 | $81.54 |
| 2 300 7100 | RBS CITIZENS 443 Jefferson Blvd RJW 135 Warwick, RI 02886 | Unsecured Payment Status: Valid To Pay | | $0.00 | $10,572.54 | $10,572.54 |
| 4 300 7100 | ECAST SETTLEMENT CORPORATION POB 29262 New York, NY 10087-9262 | Unsecured Payment Status: Valid To Pay | | $0.00 | $11,999.92 | $11,999.92 |
| 5 300 7100 | SHEFFIELD FINANCIAL BB&T IS SERVICING THIS ACCOUNT BANKRUPTCY SECTION/100-50-01-51 PO BOX 1847 WILSON, NC 27894 | Unsecured Payment Status: Valid To Pay | | $0.00 | $3,760.97 | $3,760.97 |
| 7 300 7100 | CAPITAL ONE, N.A. C O BECKET AND LEE LLP POB 3001 MALVERN, PA 19355-0701 | Unsecured Payment Status: Valid To Pay | | $0.00 | $417.46 | $417.46 |
| 8 300 7100 | PORTFOLIO RECOVERY ASSOC., LLC TO FIA CARD SERVICES, N.A.(BK OF AMERICA) BY PRA RECEIVABLES MGMT LLC PO BOX 41067 NORFOLK, VA 23541 | Unsecured Payment Status: Valid To Pay | | $0.00 | $2,968.79 | $2,968.79 |
| 1 400 4110 | CHARTER ONE 443 JEFFERSON BLVD RJW 135 WARWICK RI 02886 | Secured Payment Status: Withdrawn | withdrawn 8-3-16 | $0.00 | $29,022.31 | $0.00 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 6)*

Exhibit C

## ANALYSIS OF CLAIMS REGISTER

Case Number: 1:13-08192-BWB                                                              Date: September 13, 2016

Debtor Name: JANETTE L ZIELINSKI

Claims Bar Date: 12/4/2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 3<br>400<br>4110 | BANK OF AMERICA, N.A.<br>NC4-105-02-99<br>PO BOX 26012<br>GREENSBORO, NC 27420-6012 | Secured<br>Payment Status:<br>Withdrawn | withdrawn 8-15-16 | $0.00 | $6,659.89 | $0.00 |
| 6<br>400<br>4110 | DEUTSCHE BK TRUST CO.,<br>AMERICAS,<br>FOR RESIDENTIAL ACCREDIT<br>LN, INC.,<br>MORTGAGE ASSET-BK PASS-<br>THROUGH CERT.,<br>PIERCE & ASSOC, P.C.BK<br>DEPT., 1 N.<br>DEARBORN, STE 1300, CHGO ,<br>ILL 60602 | Secured<br>Payment Status:<br>Withdrawn | withdrawn 5-31-13 | $0.00 | $207,873.88 | $0.00 |
| BOND<br>999<br>2300 | ARTHUR B. LEVINE COMPANY<br>370 Lexington Avenue, Suite 1101<br>New York, NY  10017 | Administrative<br>Payment Status:<br>Valid To Pay | Extended Check Description Notes from conversion:<br>Bond Number 10BSBGR6291 | $0.00 | $3.30 | $3.30 |
| | Case Totals | | | $0.00 | $274,710.60 | $31,154.52 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-08192
Case Name: JANETTE L ZIELINSKI
Trustee Name: Peter N. Metrou, Trustee

Balance on hand                                                    $         5,936.70

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou | $         1,350.00 | $         0.00 | $         1,350.00 |
| Trustee Expenses: Peter N. Metrou | $         81.54 | $         0.00 | $         81.54 |
| Other: ARTHUR B. LEVINE COMPANY | $         3.30 | $         3.30 | $         0.00 |

Total to be paid for chapter 7 administrative expenses         $         1,431.54

Remaining Balance                                                 $         4,505.16

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 29,719.68  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  15.2  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | RBS CITIZENS | $      10,572.54 | $      0.00 | $      1,602.67 |
| 4 | ECAST SETTLEMENT CORPORATION | $      11,999.92 | $      0.00 | $      1,819.05 |
| 5 | SHEFFIELD FINANCIAL | $      3,760.97 | $      0.00 | $      570.12 |
| 7 | CAPITAL ONE, N.A. | $      417.46 | $      0.00 | $      63.28 |
| 8 | PORTFOLIO RECOVERY ASSOC., LLC | $      2,968.79 | $      0.00 | $      450.04 |

Total to be paid to timely general unsecured creditors       $ 4,505.16

Remaining Balance       $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE